UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SCOTT A LEPPER,**

    **Plaintiff,**

v.   Case No: 5:18-cv-644-Oc-41PRL

**THOMAS CLAYTON FRANKS,
RESCUETOUCH, LLC, KATHLEEN
GAIL HOLOHAN and
SAFEGUARDIAN, LLC,**

    **Defendants.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Request for a Preliminary Injunction Hearing ("Motion," Doc. 4). As set forth below, the portion of the motion relating to the preliminary injunction will be granted.

### I.   BACKGROUND[1]

Plaintiff filed his Complaint on December 21, 2018, asserting various claims, including a claim for breach of contract. (*See generally* Compl., Doc. 1). On December 26, 2018, Plaintiff moved for the issuance of a temporary restraining order ("TRO") and a preliminary injunction based on his breach of contract claim. (*See generally* Doc. 4). A TRO was entered on December 28, 2018, enjoining Defendants from shutting down the sim cards placed in the medical alert devices, and a preliminary injunction hearing was scheduled for January 3, 2019. (*See generally* Dec. 28, 2018 Order, Doc. 7). At the hearing, the Court granted Defendants' Second Motion for

---

[1] See the Court's December 28, 2018 Order (Doc. 7) for a full recitation of the facts.

Continuance (Doc. 21) and rescheduled the preliminary injunction hearing for January 8, 2019, (Min. Entry, Doc. 22). In the interim, the TRO was expanded to enjoin Defendants from selling the RescueTouch domain name and prohibiting Defendants from publishing or advertising that RescueTouch was no longer in business. (Jan. 3, 2019 Order, Doc. 24, at 2–3).

At the January 8, 2019 hearing, counsel for Plaintiff and Defendants presented additional argument regarding the preliminary injunction. Counsel for Defendants informed the Court that the RescueTouch domain was removed from auction; however, internet searches still note that rescuetouch.com is permanently out of service, (Bing Search Results, Doc. 32-4, at 1). Defendants Franks and Holohan failed to attend the rescheduled hearing. (Min. Entry, Doc. 31).

## II. LEGAL STANDARD

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits"; (2) "irreparable injury will be suffered unless the injunction issues"; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party"; and (4) "the injunction would not be adverse to the public interest." *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cty.*, 633 F.3d at 1039).

## III. ANALYSIS

Plaintiff argues that he has satisfied all four prerequisites for preliminary injunctive relief.

### A. Substantial Likelihood of Success on the Merits

Regarding Plaintiff's breach of contract claim in Count II, Plaintiff "must establish the following elements '(1) a valid contract, (2) a material breach, and (3) damages.'" *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 113 F. Supp. 3d 1221, 1223 (M.D. Fla. 2014) (quoting *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013)). Plaintiff asserts that he and Franks entered into the Operating Agreement (Doc. 16-2) and that Franks materially breached this Agreement by maintaining ownership of both RescueTouch's website domain and the sim cards placed inside the medical alert devices. Specifically, Plaintiff notes that the Operating Agreement provides: "[N]o Member may, without the consent of all other Members, enter into any business or investment activity that is competitive with the business of the Company, or use any property or assets of the Company other than for the operation of the Company's business." (*Id.* ¶ 5.4). As a result, Plaintiff avers that he is losing customers. Based on the record evidence, the Court finds that Plaintiff has established a substantial likelihood of success on the merits of his breach of contract claim.

### B. Irreparable Injury

Plaintiff makes two claims of irreparable injury. First, Plaintiff asserts that he will be irreparably injured should Defendants shut down the sim cards, which would render the medical alert devices inoperable and effectively shut down his business. Plaintiff argues that monetary remedies cannot provide an adequate remedy for such an injury. The Court agrees and finds that Plaintiff has demonstrated that he will suffer irreparable harm absent an order from this Court continuing to enjoin Defendants from shutting down the sim cards.

Second, Plaintiff claims that he continues to lose customers and goodwill since Defendants placed notices on the RescueTouch website informing visitors that RescueTouch is no longer in business. While rescuetouch.com is no longer operable, internet search results for the website

continue to state that RescueTouch is permanently out of service. As a result, Plaintiff argues he will continue to be irreparably harmed absent a Court order transferring ownership of the RescueTouch domain and website to Plaintiff. "Although economic losses alone do not justify a preliminary injunction, 'the loss of customers and goodwill is an irreparable injury.'" *BellSouth Telecomms, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005) (quoting *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991)). Therefore, Plaintiff has shown that he will be irreparably harmed unless Defendants continue to be enjoined from advertising that the company is no longer in business.

### C. Balancing the Harms

The threatened harm to Plaintiff outweighs any harm Defendants may suffer from the grant of a preliminary injunction. If Defendants are able to shut down the sim cards, Plaintiff's customers will no longer have access to their medical alert devices, and RescueTouch will effectively cease operations. Moreover, Plaintiff is at risk of losing customers and goodwill absent an order enjoining Defendants from advertising that RescueTouch is no longer in business. However, the harm to Defendants is relatively small in comparison as the preliminary injunction will maintain the status quo established in the Amended TRO and transfer ownership of the RescueTouch domain and sim card accounts to RescueTouch Medical Alert, LLC.[2] Thus, the balance of the harms also weighs in favor of a preliminary injunction.

### D. Public Interest

"The public interest generally is advanced by enforcing valid contracts." *Evans v. Facco USA, Inc.*, No. 5:15-cv-02241-MHH, 2016 WL 304565, at *12 (N.D. Ala. Jan. 26, 2016).

---

[2] RescueTouch, LLC was converted to RescueTouch Medical Alert, LLC after the company relocated to Florida. (*See generally* Articles of Organization, Doc. 16-5).

Moreover, the public interest would be served by preserving Plaintiff's ability to provide medical alert services to its customers. *See Modern Pharmacy, LLC v. McKesson Corp.*, No. 18-22242-CIV, 2018 WL 3413037, at *9 (S.D. Fla. June 12, 2018) (holding that the continued operation of a local pharmacy served the public interest).

### E. Bond

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "[I]t is well-established that the amount of security required by the rule is a matter within the discretion of the trial court, and the court may elect to require no security at all." *BellSouth Telecomms., Inc.*, 425 F.3d at 971 (quotation omitted). "Furthermore, '[a] bond may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success.'" *Ross v. Torrey Point Grp., LLC*, No. 1:12-CV-00547-SCJ, 2012 WL 12883524, at *5 (N.D. Ga. Feb. 24, 2012) (quoting *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007). Plaintiff proposes that he should not be required to post a bond because he provides an emergency service to senior citizens and the potential harm to Defendants as a result of a preliminary injunction would be minimal. "Due to the limited nature of the restrained ordered, and without a basis to find that it will cause defendants harm, no bond will be required at this time." *Pittsburgh Logistics Sys., Inc. v. Stover*, No. 3:13-CV-555-J-32JRK, 2013 WL 12159334, at *1 (M.D. Fla. May 16, 2013).

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Request for a Preliminary Injunction Hearing (Doc. 4) is **GRANTED**.

2. **On or before February 11, 2019**, Defendants are directed to transfer ownership of the RescueTouch sim card sub-accounts that are serviced by Kore to RescueTouch Medical Alert, LLC.

3. **On or before February 11, 2019**, Defendants are directed to transfer ownership of the RescueTouch domain and website to RescueTouch Medical Alert, LLC.

4. Plaintiffs are hereby ordered to notify the Court in writing once Defendants have complied with the transfer of ownership as set forth in paragraphs two and three.

5. Defendants and any party in association with or at the direction of Defendants are prohibited from publishing or advertising in any manner that RescueTouch is no longer in business or that it is associated with any form of fraud or malfeasance.

6. The Court's Order shall remain in full force and effect until such time as either this Court specifically orders otherwise or this Court renders a final decision on Plaintiff's request for permanent injunctive relief.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record